# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DIANA MARIE OSTRANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-cv-4028-WJE |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Diana Marie Ostrander seeks judicial review[1] of a final administrative decision of the Commissioner of Social Security (the Commissioner) denying her disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Ms. Ostrander contends that the administrative record (AR) does not contain substantial evidence to support the Commissioner's decision that she was not disabled during the relevant period. For the reasons that follow, the Commissioner's decision will be reversed and remanded for further consideration and development of the record.

### Background

Ms. Ostrander has previously worked in the food industry at both Wendy's and Sonic Drive-In, where she was both a carhop and manager. AR 16-17. Ms. Ostrander filed her application for DIB and SSI on July 8, 2014, alleging a disability onset date of June 13, 2014. AR 14. She contends that she is disabled primarily due to the mental impairment of schizophrenia, which causes her to suffer from auditory and visual hallucinations and paranoia. AR 20. Ms. Ostrander's claims were initially denied on September 17, 2014. AR 14. She then requested a hearing before an Administrative Law Judge (ALJ). ALJ Stephan Bell held a hearing on February 5, 2016, in Columbia, Missouri. AR 14. Ms. Ostrander was represented by counsel at the hearing. AR 14. The ALJ issued a decision on March 1, 2016, in which Ms. Ostrander's claim was denied. AR 14-26. Ms. Ostrander sought review by the Appeals Council,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

which denied review on December 20, 2016. AR 1-3. Thus, the ALJ's decision stands as the final decision of the Commissioner.

On February 27, 2017, Ms. Ostrander filed a complaint (Doc. 5) in this Court seeking review of the Commissioner's decision. The case was originally assigned to United States Magistrate Judge Matt J. Whitworth. The case was reassigned to the undersigned (Doc. 15) on August 31, 2017. The parties, shortly thereafter and within 14 days, consented to the exercise of jurisdiction (Doc. 17) by the undersigned. The parties have fully briefed the issues and an oral argument was held on January 23, 2018.

## Disability Determination and the Burden of Proof

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a) and 416.920(a); See Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). The steps are followed in order. If it is determined that the claimant is or is not disabled at a particular step of the evaluation process, the evaluation then will not go on to the next step.

At step one, the Commissioner must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). Substantial gainful activity (SGA) is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. § 404.1572(b). If the claimant is engaged in SGA, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If the claimant is not engaging in SGA, the analysis proceeds to the second step.

At step two, the Commissioner must determine whether the claimant has a medically determinable severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. Kirby, 500 F.3d. at 707; 20 C.F.R. §§ 404.1521 and 416.921. If the claimant does not have a severe medically determinable

impairment or combination of impairments, the claimant is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

At step three, the Commissioner must determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of a listing and meets the duration requirement, the claimant is disabled. If it does not, the analysis proceeds to the next step.

At step four, the Commissioner will assess the claimant's residual functional capacity (RFC) to determine the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). The claimant is responsible for providing evidence to the Commissioner, but the Commissioner is responsible for developing the claimant's complete medical history, arranging for consultative examination, and assisting claimant with gathering other medical evidence. 20 C.F.R. §§ 404.1545(a)(3) and 416.945(a)(3). If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. If the claimant is unable to do any past relevant work or does not have any past relevant work, the analysis proceeds to the fifth and last step.

At step five, if the claimant's RFC will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to determine whether the claimant is able to do any other work considering claimant's RFC, age, education, and work experience. If the claimant is able to do other work, the claimant is not disabled. If the claimant is not able to do other work and meets the duration requirement, the claimant is disabled. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. In order to support a finding that a claimant is not disabled at this step, the Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do given the RFC, age, education, and work experience. 20 C.F.R. §§ 404.1512(g), 404.1560(c), 416.912(g) and 416.960(c); (Doc. 5).

## The ALJ's Findings

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2018.
2. The claimant has not engaged in substantial gainful activity since June 13, 2014, the alleged onset date. (20 CFR 404.1571 *et seq.* and 413.971 *et seq.*).
3. The claimant has the following severe impairment: schizophrenia. (20 CFR 404.1520(c) and 416.920(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).
5. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: never be exposed to unprotected heights or moving mechanical parts; occasionally operate a motor vehicle as a job duty; limited to simple, routine tasks and simple work-related decisions; and could occasionally interact with supervisors, coworkers, and the public.
6. The claimant is unable to perform any past relevant work. (20 CFR 404.1565 and 416.965).
7. The claimant was born on March 10, 1981, and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).
8. The claimant has at least a high school education and is able to communicate in English. (20 CFR 404.1564 and 416.964).
9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
11. The claimant has not been under a disability, as defined in the Social Security Act, from June 13, 2014, through the date of this decision. (20 CFR 404.1520(g) and 416.920(g)).

## Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Ms. Ostrander primarily asserts remand is proper in this instance for two reasons: (1) the ALJ failed to adequately account for Ms. Ostrander's moderate limitations in concentration, persistence, or pace when determining her RFC; and (2) the ALJ did not properly weigh the medical opinion evidence of record. The Government has responded in opposition asserting that substantial evidence supports the determinations made by the ALJ, and therefore affirmance is proper. After consideration of the parties' arguments and a full review of the record, this Court

finds the decision of the ALJ is not supported by substantial evidence on the record as a whole, and should be reversed and remanded for further consideration and development of the record.

Ms. Ostrander alleges the ALJ failed to adequately account for her moderate limitations in concentration, persistence, or pace when determining her RFC. Specifically, she alleges that the ALJ limited only the complexity of the task Ms. Ostrander could perform, but did not incorporate limitations for her ability to timely and appropriately complete work tasks.

At step three of the sequential analysis, when considering the paragraph B criteria, the ALJ stated, "[t]he evidence in the record, including the testimony of the claimant at the hearing, shows that the claimant has some difficulty in sustaining focus, attention, and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in work settings." AR 19. However, when determining Ms. Ostrander's RFC, the ALJ only limited her to "simple, routine tasks and simple work-related decisions." AR 20.

Here, the Court finds the ALJ failed to adequately account for Ms. Ostrander's moderate limitations in concentration, persistence, or pace, in that the ALJ failed to include limitations for her ability to timely and appropriately complete tasks commonly found in work settings, an area in which the ALJ clearly found Ms. Ostrander had limitations. See Porter v. Colvin, No.4:14-CV-00813-NKL, 2015 WL 3843268, at *7 (W.D. Mo. June 22, 2015) ("While the RFC accommodates for Porter's need for 'simple, repetitive and routine tasks,' it does not say anything about her limited ability to complete tasks in a reasonable timeframe. As the ALJ clearly found this limitation to be significant, it should have been included in the RFC…").

Therefore, the Court finds that substantial evidence on the record as a whole does not support the determinations made by the ALJ. The Court further finds that remand is proper in this instance so that the record can be more fully developed as it relates to Ms. Ostrander's moderate limitations in concentration, persistence, or pace, her ability complete tasks in a timely and appropriate manner, and the effect these limitations might have on her ability to sustain full time employment.

## Conclusion

For the reasons set forth herein, and those stated on the record during the January 23, 2018 oral argument, the Court finds that the Commissioner's determination that Ms. Ostrander was not disabled is not supported by substantial evidence on the record as a whole, and is

therefore reversed and remanded for further consideration and development of the record. Judgment shall be entered in favor of Plaintiff and against Defendant.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and remanded for further consideration and development of the record as set forth herein.

Dated this 27th day of January, 2018, at Jefferson City, Missouri.

WILLIE J. EPPS, JR.
United States Magistrate Judge